IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RUTH RODRIGUEZ CAINS, ET AL.,

Plaintiffs,

v.                                          CIVIL NO. 04-1399 (FAB)

KARL AMALIA & SONS, INC.,
INTEGRAND ASSURANCE COMPANY,

Defendants.

## REPORT AND RECOMMENDATION

The Court referred to this Magistrate Judge plaintiff's Von Marie Vidal Ryan's *pro-se* motion as legal guardian and on behalf of her minor daughter Kaovy Marie Vidal Ryan to withdraw funds.  (Docket No. 54).

On July 6, 2007, an Order was issued in which this Magistrate Judge recommended to the Court the expedited disbursement of the funds necessary for the private education of minor Kaovy Marie Vidal Ryan. However, plaintiff was ordered to provide additional information in regard to the request of homestead to be paid from the minor daughter's fund's. (Docket No. 58).

On September 4, 2007,  Von Marie Vidal Ryan's filed a *pro se* motion in the Spanish language in compliance with the Court's Order reiterating the need for homestead and including copy of the deed. (Docket No. 59).

At that juncture, it was recommended via a Report and Recommendation to the Court to allow expedite delivery of funds necessary for the private education of the minor Kaovy Marie Vidal Ryan in the amount of $3,480.00. See Docket No. 59, attachment #2. These funds were

Ruth Rodriguez Cains, et al v. Karl Amalia & Sons, Inc., Integrand Assurance Company
Civil No. 04-1399 (FAB)
Report and Recommendation
Page 2

presently deposited in an interest bearing account as to which no penalty for early withdrawal applies.  Thus, it was recommended the court to approve disbursement of $3,480.00.  (Docket No. 60).

In regard to the reiterated request for homestead,  a hearing was scheduled for October 26, 2007 at 1:30 PM to verify the "family circumstances" which might support a finding that the use of the child's funds by the custodian for homestead are for the "benefit" of the minor, as well as if other factors and circumstances are present which may support a finding to the contrary.   Before this hearing, Von Marie Vidal Ryan was urged to obtain guidance from attorney Jorge M. Izquierdo San Miguel, her former counsel in this case, who could be willing to assist her with her claim.

On October 26, 2007, the above hearing was held in which Attorney Izquierdo informed he met with Von Marie Vidal Ryan to discuss her pro-se request for disbursement of funds for the use of the minor's funds for homestead for the benefit of the minor.   Attorney Izquierdo requested and was granted thirty (30) days to consult with a Notary Public the viability of Von Marie Vidal Ryan's request for homestead.   Attorney Izquierdo would then file a motion informing the Court of the alternatives, if any, to support the request for homestead.  Attorney Izquierdo was advised he should make arrangements with a Solicitor from the Commonwealth of Puerto Rico to approve any possible alternatives in support of the homestead request to ascertain they are in the best interest of the minor.   (Docket No. 61).

Ruth Rodriguez-Cains, et al v. Karl Amalia & Sons, Inc., et al
Civil No. 04-1399 (FAB)
Report and Recommendation
Page 3

After said hearing, several communications were held with attorney Izquierdo San Miguel as to the status of this case and in relation to additional time which was needed by plaintiff to comply with the directives included in Docket No. 61.

On April 24, 2008, an Order was issued in which the Court informed it had been patient in handling this matter in plaintiff's benefit.  Nonetheless, plaintiff had failed to comply with the directive of the Court.  Accordingly, plaintiff was granted a final term of ten (10) calendar days, to expire on May 5, 2008, to inform the Court of the alternatives, if any, to support the request for homestead in compliance with Docket No. 61.  Plaintiff was appraised that failure to comply with this Order could entail the dismissal of plaintiff's request.

On May 5, 2008, plaintiff filed a "Motion in Compliance with the Court's Order and Requesting the Court to set a Hearing for the Authorization of the Purchase of Home by Minor Plaintiff."  This motion very briefly informs the Court that the apartment, where Von Marie Ryan and Kaovy reside, is owned by Von Marie (the mother) and will be subject to a foreclosure within the next few weeks because already a bank sued Von Marie for the non payment of the mortgage.  Still, attached thereto was a document in the Spanish language entitled "Donacion" for the Court to analyze it and for approval.  If  the Court approves this transaction, after appointing a Legal Guardian and after making arrangements with a Solicitor from the Commonwealth of Puerto Rico, then the same will take place in accordance with the court's resolution.  (Docket No .63).

A review of Docket No. 63 shows plaintiff, after more than six (6) months have elapsed since the hearing, has failed to put this Court in a position to verify the "family circumstances"

which might support a finding that the use of the child's funds by the custodian for homestead are for the "benefit" of the minor, as well as if other factors and circumstances are present which may support a finding to the contrary.    The property subject of the proposed "Donacion" (donation) is object of a litigation in state court in which Von Marie Ryan was sued for failure to pay the mortgage.  Plaintiff Von Marie Ryan has failed to explain to the Court how the donation to her daughter of this property, which is about to be foreclosed, and the use of the minor's fund to satisfy the pending mortgage will be in the minor's best interest.  No reference is made in the motion as to any consultation or communication with a Solicitor of the Commonwealth of Puerto Rico to certify the proposed donation is in the best interest of the minor.  Moreover, even though plaintiff has been granted ample opportunity, no other evidence and/or alternative has been submitted to the Court in support of the viability of Von Marie Ryan's request for homestead and that it would be in the minor's best interest.

Accordingly, it is recommended that plaintiff Von Marie Ryan's request for disbursement of the minor's funds for homestead, included in Docket No. 54, be **DENIED WITHOUT PREJUDICE**.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role

Ruth Rodriguez-Cains, et al v. Karl Amalia & Sons, Inc., et al
Civil No. 04-1399 (FAB)
Report and Recommendation
Page 5

reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial

hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 6th day of May of 2008.

                              s/CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ-RIVE
                              UNITED STATES MAGISTRATE JUDGE