IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| RUTH RODRIGUEZ-CAINS, et al., | |
|---|---|
| **Plaintiffs** | |
| v. | CIVIL NO. 04-1399 (FAB) |
| KARL AMALIA & SONS INC., et al., | |
| **Defendants** | |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

A District Court may refer pending dispositive motions to a Magistrate Judge for a report and recommendation. See 28 U.S.C. §636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Civil Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the Magistrate Judge's report. 28 U.S.C. §636(b)(1). A party that files a timely objection is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Sylva v. Culebra Dive Shop, 389 F. Supp.2d 189, 191-92 (D.P.R. 2005) (quoting United States v. Raddatz, 447 U.S. 667, 673 (1980)). Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. §636 (a)(b)(1). Templeman v.

Cris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. Hernandez-Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F. Supp.2d 114,125-126 (D.R.I. 2004)).

On June 13, 2007, plaintiff Von Marie Vidal Ryan filed a pro se motion as the legal guardian and on behalf of her minor daughter to withdraw funds for school enrollment fees, books, and other education expenses for the year 2007-2008. (Docket No. 54) She further requested to be provided with homestead, asserting that the amounts paid for housing and other home expenses exceed her income. This motion was referred to Magistrate Judge Velez-Rive for a Report and Recommendation. (Docket No. 56)

On July 6 2007, the Magistrate Judge issued an order recommending the expedited disbursement of the funds needed for the private education of the minor in the amount of $3,480. The Magistrate Judge, however, ordered Ms. Vidal Ryan to provide additional information concerning her request for homestead to be paid from the minor daughter's fund. (Docket No. 58)

On September 4, 2007, Ms. Vidal Ryan filed a pro se motion reiterating the need for homestead and including copy of a deed titled "Donacion". (Docket No. 59)

Civil No. 04-1399 (FAB)                                                                 3

On September 5, 2007, the Magistrate Judge scheduled a hearing to verify ". . .'the family circumstances' which may support a finding that the use of the child's funds by the custodian for homestead are for the 'benefit' of the minor, as well as if other factors and circumstances are present which may support a finding to the contrary." (Docket No. 60)[1]

The hearing was finally held on October 26, 2007. (Docket No. 61) Attorney San Miguel appeared on behalf of Ms. Vidal Ryan and was granted 30 days to file a motion informing the court of the alternatives, if any, to support the request for homestead. (Docket No. 61) Plaintiff, however, failed to comply with the order timely, but was granted a final extension of time to do so. (Docket No. 62)

On May 5, 2008, plaintiff filed a "Motion in compliance with the court's order and requesting the court to set a hearing for the authorization of the purchase of home by minor plaintiff". (Docket No. 63)

On May 5, 2008, the United States Magistrate Judge issued a Report and Recommendation recommending that plaintiff's pro se motion to withdraw funds for homestead and the donation of the property to the minor be denied without prejudice. (Docket No. 64)

---

[1] Ms. Vidal Ryan was urged to obtain guidance from her former counsel, attorney San Miguel.

Civil No. 04-1399 (FAB)                                                            4
_____                                                        _

    On May 13, 2008, plaintiff filed an "Objection to Magistrate's Report and Recommendation". (Docket No. 65) In the objection, plaintiff alleges that the Court should allow the use of the child's funds for her homestead. In her opinion, the donation of the apartment where she and her daughter reside, and the use of the minor's fund to satisfy the pending mortgage will be in the minor's best interest. The Court believes that plaintiff's objection is not adequately supported and must be denied.

    As correctly expressed by the Magistrate Judge, plaintiff has been granted ample opportunity to submit evidence to put this Court in a position to verify the "family circumstances" as well as other factors which might support a finding that the use of the child's funds by the custodian for homestead, and the proposed donation are for the "benefit" of the minor. In fact, the record is devoid of any evidence that may show that the use of the minor's fund to satisfy the pending mortgage, and the donation of this property (which is about to be foreclosed) will be in the minor's best interest. The mere presentation of the deed of the property is not sufficient evidence to support a transaction that will substantially affect the minor's patrimony. Moreover, no reference is made in the objection as to any consultation or communication with a Solicitor of the Commonwealth of Puerto Rico to certify that

Civil No. 04-1399 (FAB)                                                5

the proposed donation is in the best interest of the minor, as ordered by the Magistrate Judge.[2]

Having considered plaintiff's objection, and after an independent examination of the record in this case, the Court ADOPTS the Magistrate Judge's findings and recommendations. Accordingly, plaintiff's requests for disbursement of the minor's funds for homestead and the donation of the property to the minor (Dockets 54, 59 and 63) are hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 29, 2008.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[2] The disbursement of funds for education expenses is not affected by this order.